IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DUSTIN J. MERRYFIELD,

      Plaintiff,

v.                                                                         Case No. 23-3066-JWB

STATE OF KANSAS,

      Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff and Defendant's motions for reconsideration. (Docs. 24, 26.) Defendant's motion is fully briefed and ripe for decision. (Docs. 26, 28, 29.) Defendant's motion for reconsideration is GRANTED, and Plaintiff's motion for reconsideration is DENIED AS MOOT for the reasons stated herein.

**I.  Facts**

Plaintiff was civilly committed under the Kansas Sexually Violent Predator Act ("KSVPA") in 2000. He has since been perennially recommitted under the KSVPA. His underlying lawsuit against Defendant is premised on constitutional concerns over the KSVPA. (Doc. 1 at 2.) However, at issue here are Plaintiff and Defendant's motions for reconsideration. Plaintiff requests the court reconsider (1) its finding that he failed to state a due process claim premised upon the state's failure to hold a transitional release hearing in 2017, and (2) its legal conclusion that Plaintiff does not have a constitutional right to effective assistance of counsel at his annual probable cause review hearing. (Doc. 24 at 2–3.) Defendant requests that the court reconsider its ruling that Defendant waived its Eleventh Amendment immunity. (Doc. 26 at 1; Doc. 22.)

1

Defendant's motion for reconsideration involves the procedural posture of Plaintiff's complaint. Plaintiff named the state of Kansas as the sole Defendant. (Doc. 1 at 1.) Upon review of Defendant's motion to dismiss Plaintiff's complaint, (Doc. 15), the court became concerned that the Eleventh Amendment barred Plaintiff's claims as pleaded because the state is the only named defendant. The court then issued an order that directed Defendant to either expressly waive or assert Eleventh Amendment immunity as grounds for dismissing Plaintiff's complaint. (Doc. 21 at 1.) Defendant filed its motion to dismiss Plaintiff's complaint based on Eleventh Amendment immunity on April 24, 2024. (Doc. 22.) However, Defendant did not directly address the court's concern; instead, it asserted immunity for any monetary claims (which both parties and the court agree are not present in Plaintiff's complaint), (*id.* at 2), and stated that it does not assert that the Eleventh Amendment bars Plaintiff's claims for declaratory and prospective relief. (Doc. 22 at 4.) The court notes that Defendant stated that it does not waive immunity for the claims asserted by Plaintiff. (*Id.*)

The court found Defendant failed to adhere to the court's order and neither expressly asserted nor waived Eleventh Amendment immunity. (Doc. 23 at 7.) As such, it concluded that Defendant waived its Eleventh Amendment immunity for all of Plaintiff's claims—including those for prospective and declaratory relief. (*Id.*)

**II.    Standard**

A federal district court has the authority to reconsider interlocutory rulings prior to the entry of final judgment. *See Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1023 (10th Cir. 2018); *see also* Fed. R. Civ. P. 54(b). Under the District of Kansas's local rules, a motion for reconsideration must be based on: (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or

prevent manifest injustice. *See* D. Kan. R. 7.3; *see also Jenny Yoo Collection Inc. v. Essence of Australia, Inc.*, No. 17-2666-JAR, 2019 WL 2727167, *2 (June 28, 2019). "A motion to reconsider is available when the court has misapprehended the facts, a party's position, or the controlling law, but it is not appropriate to revisit issues already addressed or to advance arguments that could have been raised in the prior briefing." *Coffeyville Res. Refining & Mktg., LLC,* 748 F. Supp.2d at 1264 (citation omitted.)  Additionally, "whether to grant a motion to reconsider is committed to the district court's discretion." *Id.*

### III.  Analysis

#### A.  Defendant's Motion for Reconsideration

Defendant takes issue with the court's conclusion that it waived Eleventh Amendment immunity for Plaintiff's claims seeking prospective and declaratory relief. (*See* Doc. 26 at 5; Doc. 23 at 7.)  Defendant argues that it did not unequivocally and clearly declare that it was waiving its Eleventh Amendment immunity—which is required when a state waives Eleventh Amendment immunity. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 680 (1999).  According to Defendant, it failed to plead Eleventh Amendment immunity, and the court is misconstruing its "failure to plead" immunity as a waiver of immunity. (Doc. 26 at 5.)  Hence, under Defendant's argument, it never waived Eleventh Amendment immunity and the court's conclusion that it did is a clear error of law.

The court clearly articulated its concern about the State of Kansas being the sole defendant in the lawsuit.  (Doc. 21 at 1.)   Because of that concern, the court, before the case progressed any further, wanted to clearly and unequivocally establish whether Defendant would pursue a dismissal of the case on the grounds of Eleventh Amendment immunity so the case could be resolved against the proper state official.

Rather than accept the court's invitation to make a clear, simple, and unequivocal statement that the State was asserting Eleventh Amendment immunity as to all of Plaintiff's claims in this suit, the State responded with a mishmash of equivocal, confusing, and often irrelevant statements and arguments surrounding the immunity issue. The State began its brief with the demonstrably irrelevant statement that "Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction *as to any claim for damages* as such a claim is barred by the Eleventh Amendment." (Doc. 22 at 1 (emphasis added).) However, it was clear to everyone that Plaintiff was not asserting <u>any</u> claims for damages. (*Id.* at 2 ("plaintiff does not seek monetary damages").) Thereafter, Defendant framed the issue presented as follows: "Plaintiff cannot seek or recover *monetary damages* as such relief is barred by the Eleventh Amendment. The only relief plaintiff can seek is declaratory relief and/or prospective, injunctive relief." (*Id.* (emphasis added).) Then Defendant expended almost the entirety of its brief explaining why the Eleventh Amendment bars claims for money damages against non-consenting states – an issue that it had already acknowledged was not in the case. (*See id.* at 2-4.) Among the useless propositions of law that the State belabored in its arguments, we find nuggets like these: "To the extent, however, that the Complaint could be construed *as a request for monetary damages* or anything other than prospective relief, Defendant asserts it is immune under the Eleventh Amendment" (*id.* at 2 (emphasis added)); "Kansas has not waived its sovereign immunity *from suits seeking damages* under 42 U.S.C. § 1983 (*id.* at 3 (emphasis added)); and "On its face, the Complaint seeks only declaratory and injunctive relief. Nonetheless, *to the extent Plaintiff's Complaint is construed to seek monetary damages or retrospective relief*, such a claim is barred" (*id.* at 4 (emphasis added)). Apparently acknowledging that its analysis was largely irrelevant to the claims as cast in

4

the case, the State concluded its argument by stating that "Defendant does not assert the Eleventh Amendment prevents plaintiff from asserting claims made in this action." (*Id.*)

In light of the foregoing, the court quite understandably concluded that the State was not asserting immunity to Plaintiff's claims. After all, the court's prior order was explicit: assert Eleventh Amendment immunity or waive it. (*See* Doc. 21 at 1.) Now, the State hangs its hat on one isolated statement in its Motion to Dismiss based on Eleventh Amendment Immunity: "Kansas does not waive sovereign immunity as to claims asserted by Plaintiff herein." (Doc. 22 at 4.) The statement is plain enough in isolation but is otherwise so disconnected from anything else in Defendant's motion as to be completely drowned out by the din of the other irrelevant banter.

The court is loathe to retreat from its prior ruling given the State's responsibility for expanding a rather simple issue into a considerable waste of judicial resources. Nevertheless, state sovereignty and its concomitant immunity from suit are bedrock principles of our republic that cut to the core of this court's jurisdiction to hear this case. Plaintiff's decision to name the State as the only defendant in this case raises multiple issues if the court were to proceed to judgment. First, if the court granted Plaintiff the relief he seeks, who would the court hold to account for any non-compliance with its orders? Had Plaintiff named a state official as a defendant, then the court could hold that official to account if any injunctions were violated; but with only the State itself as a defendant, fashioning meaningful sanctions to compel compliance becomes more difficult. Moreover, the reverence with which the law treats state immunity, including allowing it to be raised at any time including on appeal, means that all the work done on this case would be a waste of time if the State were to prevail on the immunity issue on appeal. Accordingly, although the State has done much here to merit a denial of its motion to reconsider, the court concludes that the State's assertion of Eleventh Amendment immunity, buried as it is among the irrelevant analysis

5

and equivocal statements in its brief, is sufficiently clear to merit relief. Because the court finds that the State has asserted Eleventh Amendment immunity, it need not address Plaintiff's motion for reconsideration.

### IV. Conclusion

Therefore, Defendant's motion to reconsider (Doc. 26) is GRANTED. Defendant's motion to dismiss (Doc. 22) is GRANTED, and this case is DISMISSED WITHOUT PREJUDICE based on Eleventh Amendment immunity. Because the case is dismissed without prejudice, Plaintiff's motion to reconsider (Doc. 24) is DENIED AS MOOT.

IT IS SO ORDERED. Dated this 12th day of November, 2024.

s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE